UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESSENCE M., et al.,<br><br>              Plaintiff,<br><br>   v.<br><br>EAST STROUDSBURG AREA SCHOOL DISTRICT,<br><br>              Defendants. | CIVIL ACTION NO. 3:23-CV-00541<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court are cross-motions for judgment on the administrative record filed by Plaintiffs Essence M. and John K., individually and on behalf of their minor daughter A.M.G. ("Plaintiffs"), and Defendant East Stroudsburg Area School District (the "District"). (Doc. 17; Doc. 19). On March 29, 2023, Plaintiffs initiated this action by filing a complaint and fee petition against the District under Section 504 of the Rehabilitation Act ("Section 504"). (Doc. 1, ¶ 5). For the following reasons, Plaintiffs' motion for judgment on the administrative record will be **GRANTED** (Doc. 17), and the District's motion for judgment on the administrative record will be **DENIED** (Doc. 19).

**I.    BACKGROUND AND PROCEDURAL HISTORY**

The following factual summary comes from the complaint. (Doc. 1). Before the proceedings underlying this action, Plaintiffs filed a due process complaint with the Pennsylvania Department of Education on September 7, 2022, requesting a special education due process hearing under the Individuals with Disabilities Education Act ("IDEA") and Section 504. (Doc. 1, ¶ 2). Plaintiffs sought reimbursement under Section 504, alleging A.M.G. was discriminated against on the basis of disability. (Doc. 1, ¶ 2; Doc. 10-3, at 2).

The Administrative Hearing Officer, James Gerl (the "Hearing Officer"), held a one-day due process hearing. (Doc. 1, ¶ 13). In a decision dated December 7, 2022, the Hearing Officer rejected Plaintiffs' claims under IDEA but found the District had discriminated against A.M.G. under Section 504 "by excluding her from field day and assigning her to a regular education music class that was inappropriate for her considerable special needs." (Doc. 1, ¶¶ 2, 13; Doc. 10-3, at 2, 33-34). The Hearing Officer then awarded A.M.G. 8.6 hours of compensatory education, the form of which at Plaintiffs' choice. (Doc. 1, ¶ 3; Doc. 10-3, at 35-36). Accordingly, Plaintiffs aver they prevailed at the due process hearing. (Doc. 1, ¶¶ 4, 15). Plaintiffs further assert that because neither side timely appealed the Hearing Officer's decision, this "matter is ripe for the Court's award of attorney's fees and costs[.]" (Doc. 1, ¶ 21).

On March 29, 2023, Plaintiffs filed the instant civil action to request the Court award them attorney's fees and costs as the prevailing party of a special education due process hearing. (Doc. 1, ¶ 38). Plaintiffs seek reimbursement of attorney's fees totaling $72,449.20, expert fees totaling $10,025.00, and "fees on fees" totaling $12,548.25 for expenses incurred while trying to obtain a judgment on this motion.[1] (Doc. 17-11; Doc. 17-12; Doc. 17-13; Doc. 18, at 4, 19; Doc. 23). In their answer to Plaintiffs' complaint, the District asserts the following affirmative defenses; 1) Plaintiffs' claims are barred by laches, estoppel, and/or equity, 2) Plaintiffs' are not a prevailing party, 3) Plaintiffs' degree of success was *de minimus* to not at all, and 4) Plaintiffs fee and cost demands are unreasonable. (Doc. 13, at 10). Accordingly,

---

[1] In Plaintiffs' brief in support of their motion for judgment on the administrative record, they concede that they are willing to accept a 50% reduction in attorney's fees and expert costs given their limited success before the Hearing Officer, who rejected their IDEA claims. (Doc. 18, at 17, 18).

the District requests that the Court dismiss this action and reject Plaintiff's claims for fees and costs. (Doc. 13, at 10).

On August 28, 2023, Plaintiffs filed a motion for judgment on the administrative record. (Doc. 17). Plaintiffs filed their brief in support on August 29, 2023. (Doc. 18). In response, on September 28, 2023, the District filed a cross-motion for judgment on the administrative record, as well as a brief in support. (Doc. 19; Doc. 20). Plaintiff filed a brief in opposition, an answer to the District's statement of facts, and an affidavit in opposition on October 27, 2023, and the District filed a reply brief on November 3, 2023. (Doc. 21; Doc. 22; Doc. 23; Doc. 24). On December 5, 2023, the Court held the oral argument on the issues of jurisdiction, the prevailing party, and reasonable attorney's fees. (Doc. 25). Accordingly, this matter is ripe for disposition. (Doc. 17; Doc. 18; Doc. 19; Doc. 20; Doc. 21; Doc. 22; Doc. 23; Doc. 24; Doc. 25).

## II.   LEGAL STANDARD

District courts generally have discretion to award reasonable attorney's fees and costs to the prevailing party in a Section 504 action. *See* 29 U.S.C. § 794a(b). Section 504 provides for fee shifting in cases where the plaintiff is the prevailing party, stating, "[i]n any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b). "'[T]o be considered a prevailing party . . .the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant.... The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties. . .'" *Ward v. Philadelphia Parking Auth.*, 634 F. App'x 901, 903 (3d Cir. 2015) (quoting *Texas State Tchrs. Ass'n v. Garland*

*Indep. Sch. Dist.*, 489 U.S. 782 (1989)). Further, a prevailing party must be awarded an enforceable judgment against the defendants from whom fees are sought. *See Ward*, 634 F. App'x at 903.

The court assesses the reasonableness of the requested attorney's fees by applying the lodestar formula, which multiplies the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). It is initially the burden of the prevailing party to demonstrate the reasonableness of the claimed rate and hours spent under a fee-shifting statute. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986); *see also Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The burden then shifts to the opposing party to make specific objections to the proposed hours and rate. *See Rode*, 892 F.2d at 1183. In considering the objections, the court has significant discretion to adjust the fees and costs downwards, but, the court cannot decrease the award *sua sponte*. *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 711 (3d Cir. 2005).

**III.     DISCUSSION**

Plaintiffs argue that, as a prevailing party under Section 504, they are entitled to reasonable attorney's fees. (Doc. 18, at 6). The District argues that this Court does not have authority to award fees under Section 504 on a standalone fee petition because another tribunal heard the "underlying substantive claim." (Doc. 20, at 6-7; Doc. 24, at 3). Additionally, the District asserts that because the Hearing Officer's judgment did not result in a material alteration in the parties' relationship, Plaintiffs are not a prevailing party and are not entitled to attorney's fees. (Doc. 20, at 8). Finally, the District argues that Plaintiffs are not entitled to expert fees because Section 504's fee-shifting provision does not allow them.

*Indep. Sch. Dist.*, 489 U.S. 782 (1989)). Further, a prevailing party must be awarded an enforceable judgment against the defendants from whom fees are sought. *See Ward*, 634 F. App'x at 903.

The court assesses the reasonableness of the requested attorney's fees by applying the lodestar formula, which multiplies the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). It is initially the burden of the prevailing party to demonstrate the reasonableness of the claimed rate and hours spent under a fee-shifting statute. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986); *see also Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The burden then shifts to the opposing party to make specific objections to the proposed hours and rate. *See Rode*, 892 F.2d at 1183. In considering the objections, the court has significant discretion to adjust the fees and costs downwards, but, the court cannot decrease the award *sua sponte*. *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 711 (3d Cir. 2005).

**III.     DISCUSSION**

Plaintiffs argue that, as a prevailing party under Section 504, they are entitled to reasonable attorney's fees. (Doc. 18, at 6). The District argues that this Court does not have authority to award fees under Section 504 on a standalone fee petition because another tribunal heard the "underlying substantive claim." (Doc. 20, at 6-7; Doc. 24, at 3). Additionally, the District asserts that because the Hearing Officer's judgment did not result in a material alteration in the parties' relationship, Plaintiffs are not a prevailing party and are not entitled to attorney's fees. (Doc. 20, at 8). Finally, the District argues that Plaintiffs are not entitled to expert fees because Section 504's fee-shifting provision does not allow them.

(Doc. 20, at 24). Accordingly, the District maintains that the only reasonable fee to be awarded to Plaintiffs, "is no fee at all." (Doc. 20, at 10).

### A. Attorney's Fees

#### 1. Jurisdiction

The parties dispute whether this Court has the authority to award fees in this case. (Doc. 20, at 6-7; Doc. 22, at 1-3). Citing Sixth Circuit precedent, the District argues that, per the wording of Section 504, only the tribunal which decided the original claim has the authority to award attorney's fees. (Doc. 20, at 6-7); *see Children's Ctr. for Developmental Enrichment v. Machle*, 612 F.3d 518, 522-23 (6th Cir. 2010). Plaintiffs argue that the plain language of Section 504, "as applied by many courts," permits this Court to award fees regardless of whether it was the tribunal that originally heard their claims. (Doc. 22, at 1-3). Plaintiffs further assert that if the Court were to follow the District's reasoning, Plaintiffs would be left with "no way to achieve the 'prevailing party' attorney's fees authorized by Congress." (Doc. 22, at 3). This Court agrees.

The Third Circuit has not addressed whether a district court has jurisdiction to award attorney's fees to a prevailing party on a standalone petition when another tribunal decided the substantive Section 504 claims. Third Circuit has provided broadly that "Congress has [ ] unambiguously authorized the award of attorney's fees to a 'prevailing party' in any action commenced under ... the Rehabilitation Act" and "Under [Section 504 of] the Rehabilitation Act, district courts have the 'discretion ... [to] allow the prevailing party ... a reasonable attorney's fee as part of the costs.' 29 U.S.C. § 794a(b)." *Ward,* 634 F. App'x at 902 (upholding the district court's grant of plaintiff's motion for attorney's fees where plaintiff prevailed on their claims via a court-ordered consent decree); *M.G. v. E. Reg'l High Sch. Dist.*, 386 F. App'x

186, 189 (3d Cir. 2010); *see also Damian J. v. Sch. Dist. of Philadelphia*, 358 F. App'x 333, 335 (3d Cir. 2009) ("Both the IDEA and the Rehabilitation Act authorize an award of reasonable attorney's fees to the prevailing party. *See* 20 U.S.C. § 1415(i)(3)(B)(i)(I);6 29 U.S.C. § 794a(b)."). While the Third Circuit has not explicitly addressed this issue, courts in this circuit have interpreted the plain language of Section 504 to permit a district court's award of attorney's fees even where the court did not originally hear or decide the claims. *See K.N. v. Gloucester City Bd. of Educ.*, No. 17-7976-NLH-SAK, 2022 WL 613846, at *2 (D.N.J. Mar. 2, 2022), *appeal dismissed*, No. 22-1548, 2022 WL 4375630 (3d Cir. Aug. 11, 2022) (providing, "[p]laintiffs are correct that the Court has the discretion to award attorney's fees and costs to the 'prevailing party' under Section 504, 29 U.S.C. § 794a(b).");[2] *see Emmett P. by & through Allison H.P. v. Twin Valley Sch. Dist.*, No. CV 20-2078, 2021 WL 1561953, at *1 (E.D. Pa. Apr. 21, 2021) (awarding reasonable attorney's fees to plaintiff as a prevailing party of an administrative hearing on a Section 504 claim); *see J.L. v. Harrison Twp. Bd. of Educ.*, No. 14-2666 (RMB/JS), 2016 WL 4430929, at *22 (D.N.J. Aug. 19, 2016) (finding plaintiffs' to be the prevailing party of a Section 504 claim heard by an administrative law judge, and thus entitled to attorney's fees under Section 504); *see generally S.M. ex rel. G.M. v. Sch. Dist. of Upper Dublin*, No. CIV.A. 10-4038, 2012 WL 2953727 (E.D. Pa. July 20, 2012) (calculating an attorney's fee award based on a standalone Section 504 claim rendered at an administrative hearing). Accordingly, this Court concludes it has jurisdiction to award attorneys' fees.

---

[2] Notably, in *K.N. v. Gloucester City Board of Education*, the Court reviewed the plaintiffs' substantive claims on appeal and reversed the administrative law judge's decision. *See Gloucester City Bd. of Educ.*, 2022 WL 613846, at *1. Accordingly, while not the tribunal that originally heard plaintiff's Section 504 claims, the district court did issue the favorable decision to plaintiffs on their Section 504 claims, rendering them the prevailing party. *See Gloucester City Bd. of Educ.*, 2022 WL 613846, at *1.

### 2. **Plaintiffs as the Prevailing Party**

Plaintiffs and the District disagree as to whether Plaintiffs are a "prevailing party." According to the District, because the Hearing Officer's decision did not result in "a material alteration in the parties' relationship," Plaintiffs are not prevailing parties. (Doc. 20, at 8-9). The District explains:

> Plaintiffs' conclusory assertions and arguments do not refute the fact that the issues about field day and music class were all resolved immediately without any dispute, and before the present litigation. In effect, Plaintiffs' Section 504 claims were frivolous. Plaintiffs' administrative hearing did not cause such changes and so Plaintiffs are not prevailing.

(Doc. 24, at 6).

Plaintiffs refute this contention, stating that, "Plaintiffs successfully established that the District discriminated A.M.G. under §504 by a) excluding her from field day due to her disabilities and b) assigning her to a regular education music class that was clearly beyond her abilities, resulting in her removal therefrom." (Doc. 18, at 2). Also, that despite the District's argument that Plaintiffs' award was too minimal for them to be considered a prevailing party, "Congress enacted §504 and other anti-discrimination laws not out of "mere economics" but rather to vindicate the 'human dignity' of the victimized person." (Doc. 22, at 4). Thus, as Plaintiffs see it, while their monetary award was admittedly small, their relationship with the District was still materially altered in that the Hearing Officer's "decision hopefully will discourage this District from discriminating against other disabled students in the future. If so, then the 'material alteration' in the District's relationship with A.M.G. and its other disabled students will be significant indeed." (Doc. 22, at 6).

Section 504 provides that a court "may allow the prevailing party. . .a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b). "[A] plaintiff 'prevails' when actual

relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). A party "may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Ward*, 634 F. App'x at 903 (quoting *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). "[A]t a minimum, … the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989); *see also P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 855 (3d Cir. 2006), *as amended* (Apr. 27, 2006), *as amended* (May 16, 2006). Whether a plaintiff's success is "substantial" is inconsequential, as "'the degree of the plaintiff's overall success goes to the reasonableness of the award . . . not to the availability of a fee award *vel non*.'" *Truesdell v. Philadelphia Hous. Auth.,* 290 F.3d 159, 166 (3d Cir. 2002) (quoting *Texas State Teachers,* 489 U.S. at 782); *Clementon Bd. of Educ.*, 442 F.3d at 856. Thus, even a nominal award may render a plaintiff a prevailing party, so long as the award is "in some way merit based." *Farrar*, 506 U.S. at 115; *Raab v. City of Ocean City, New Jersey*, 833 F.3d 286, 293 (3d Cir. 2016); *see also M.R. v. Ridley Sch. Dist.*, 868 F.3d 218, 224 (3d Cir. 2017); *Clementon Bd. of Educ.*, 442 F.3d at 855 (quoting Farrar for the proposition that an award under Section 504 may be nominal and still render plaintiff a prevailing party).

While the relief granted to Plaintiffs by the Hearing Officer was arguably nominal, because they succeeded on the merits of their Rehabilitation Act claims and the legal relationship between the parties was modified, Plaintiffs are prevailing parties for the purpose of the instant request for attorney's fees. *See Farrar* at 506 U.S. at 111–12, 115. The Hearing

Officer held that "the school district discriminated against the student on the basis of a disability violation of Section 504 by excluding the student from Field Day and by assigning the student to an inappropriate music class."³ (Doc. 18-2, at 34). Acknowledging that A.M.G. had attended the inappropriate music class for one month, the Hearing Officer awarded Plaintiffs 8.6 hours of compensatory education. (Doc. 18-2, ¶¶ 19, 22, 37, at 36-37). In doing so, he altered the relationship between the parties. Accordingly, Plaintiffs may proceed on their request for reasonable fees. *Farrar,* 506 U.S. at 115; *see A.B. by & through F.B. v. Pleasant Valley Sch. Dist.*, No. 3:17-CV-02311, 2019 WL 2715681, at *2 (M.D. Pa. June 28, 2019), *aff'd*, 839 F. App'x 665 (3d Cir. 2020) (finding plaintiff "is unquestionably a 'prevailing party,' having won compensatory education").

### 3. Reasonable Fees

According to the District, even if Plaintiffs are considered "prevailing parties" for the purpose of their attorney's fees petition, they are entitled to "no fee at all" because they did not prevail on their IDEA-based claims and only succeeded on their Section 504 claim. (Doc. 19, ¶ 15-18). Whereas Plaintiffs acknowledge their limited success, they respond, that courts "have awarded significant attorney's fee reimbursement despite parents' lack of success on most of their claims." (Doc. 22, at 6). Plaintiffs then assert that considering their limited

---

³ The Court acknowledges that both these issues were technically resolved prior to the hearing. First, as noted by the Hearing Officer, A.M.G.'s "mother asked that the student no longer attend the regular education music class, and the school district agreed and stopped sending the student to the music class." (Doc. 18-2, ¶ 19). Second, Plaintiffs' claim relating to A.M.G.'s exclusion from the field day was resolved the same day it was raised at the school. (Doc. 18-2, at 36). However, because the Hearing Officer nonetheless made a definitive finding on Plaintiffs' Section 504 claims, and because Plaintiffs were awarded compensatory hours, the Court maintains its position that Plaintiffs are prevailing parties for the purpose of their attorney's fee petition.

success at the hearing, a 50% reduction in attorney's fees would be a reasonable award from the Court. (Doc. 22, at 7).

Section 504 provides for fee shifting in cases where the plaintiff is the prevailing party. *See* 29 U.S.C. § 794a(b). Section 504 states, "[i]n any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b). The award of attorney's fees is discretionary, and the Court may determine what fee amount, if any, is reasonable given the particulars of the case. *Hensley, 461 U.S. at 437* ("We reemphasize that the district court has discretion in determining the amount of a fee award.").

Plaintiffs seek reimbursement of attorney's fees totaling $72,449.20, expert fees totaling $10,025, and "fees on fees" totaling $12,548.25 for expenses incurred while trying to obtain a judgment on this motion. (Doc. 18, at 4, 19). The District argues the "only reasonable fee" in this case is "no fee at all." (Doc. 20, at 10). Further, that if attorneys' fees are awarded, they should be proportional with Plaintiffs' very minimal success and for a much smaller hourly rate than suggested by Plaintiffs. (Doc. 20, at 11, 19).

As the prevailing party, Plaintiffs are entitled to reasonable attorney's fees. Considering the limited scope of their success, the Court agrees that their total award may be reduced. However, because the parties dispute the reasonable market rates for attorney's fees in this case, before deciding a reasonable attorney's fee award the Court must hold an evidentiary hearing to determine the prevailing market rates in the relevant legal community for counsel's services. *See Pocono Mountain Sch. Dist. v. T. D.,* No. 22-1787, 2023 WL 2983501, at *5 (3d Cir. Apr. 18, 2023) ("'[A]s we have previously stated, a district court *must* hold an

evidentiary hearing when rates are disputed.'" (quoting *Planned Parenthood of Cent. New Jersey v. Att'y Gen. of State of New Jersey*, 297 F.3d 253 (3d Cir. 2002)); *see also Lanni v. New Jersey*, 259 F.3d 146 (3d Cir. 2001) ("If reasonable market rates [of attorney's fees] are in dispute, a hearing must be conducted.); *see Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Coleman v. Kaye*, 87 F.3d 1491 (3d Cir. 1996) (""We therefore hold that if the hourly rates are contested, the district court on remand must conduct a hearing in order to calculate reasonable hourly rates "according to the prevailing market rates in the relevant community."); *A.B. by & through F.B. v. Pleasant Valley Sch. Dist.*, No. 3:17-CV-02311, 2019 WL 2715681 (M.D. Pa. June 28, 2019), *aff'd*, 839 F. App'x 665 (3d Cir. 2020) (Because hourly rates were disputed, I ordered an evidentiary hearing held"). After this hearing is held, the Court will determine Counsel's reasonable rate, as well as the amount of attorney's fees to award Plaintiffs. The Court will also assess Plaintiffs' entitlement to "fees on fees," as the District has not explicitly addressed Plaintiffs' demand for fees on fees in this case.

B. EXPERT COSTS

Considering their limited success before the Hearing Officer, Plaintiffs aver that they are entitled to reimbursement of 50% of their expert fee pursuant Section 504. (Doc. 18, at 17). The District argues that Plaintiffs are not entitled to expert fees. (Doc. 20, at 24). The District then incorrectly asserts that "[t]he Rehabilitation Act makes no allowance for expert fees." (Doc. 20, at 24). As many courts in this Circuit have recognized, Section 504 incorporates the remedies available under the Civil Rights Act of 1964, which explicitly provides for the recovery of expert fees. *See A.W. v. Jersey Pub. Schs.*, 486 F.3d 791, 803–04 (3d Cir. 2007); *Elizabeth S. v. Sch. Dist. of Philadelphia*, No. CIV.A. 11-1570, 2012 WL 2469547, at \*5 (E.D. Pa. June 28, 2012); *Neena S. ex rel. Robert S. v. Sch. Dist. of Philadelphia*, No. CIV.A.

05-5404, 2009 WL 2245066, at *11 (E.D. Pa. July 27, 2009); *Cent. Bucks Sch. Dist. v. Q. M.*, No. CV 22-1128, 2022 WL 17339037, at *17 (E.D. Pa. Nov. 29, 2022) ("[the district court] may, in our discretion, award expert fees under Section 504 of the Rehabilitation Act of 1973."). 42 U.S.C. § 2000e–5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs ...."). Even in a case where the Hearing Officer gave an expert report "no weight whatsoever," the court has awarded some recovery of expert fees pursuant Section 504. *See Elizabeth S.*, 2012 WL 2469547, at *5. Accordingly, Plaintiffs may be entitled to expert fees so long as they provide said fees are reasonable. *Cent. Bucks Sch. Dist. v. Q. M.*, 2022 WL 17339037, at *17.

"As with the time claimed by counsel, the prevailing party bears the burden of justifying the time claimed by its expert witnesses." *E.C. v. Sch. Dist. of Philadelphia*, 91 F. Supp. 3d 598, 615 (E.D. Pa. 2015), *aff'd sub nom. E.C. v. Philadelphia Sch. Dist.*, 644 F. App'x 154 (3d Cir. 2016). Plaintiffs thus have the burden to produce evidence that their expert, Dr. Breslin, charged a reasonable hourly rate and billed reasonable hours for her work on this matter. *Cent. Bucks Sch. Dist. v. Q. M.*, 2022 WL 17339037, at *17. In cases where a plaintiff has failed to do so, courts have declined to award expert fees. See *Cent. Bucks Sch. Dist. v. Q. M.*, 2022 WL 17339037, at *17; *see also EC. v. Sch. Dist. of Philadelphia*, 91 F. Supp. 3d at 615.

Recognizing the limited scope of their success, Plaintiffs aver that "Dr. Breslin's expert opinions were instrumental in achieving Parents' success under §504 and in vindicating A.M.G.'s right not to be discriminated against at school." (Doc. 18, at 18). Plaintiffs do not, however, provide any evidence either that Dr. Breslin's rate was reasonable or that Dr. Breslin billed reasonable hours for her services. Instead, they provide only Dr. Breslin's invoice which

provides no indication of how her time was spent or what services she provided Plaintiffs. (Doc. 17-9). Accordingly, at the to-be-scheduled evidentiary hearing, the parties will be provided opportunity to present evidence addressing the reasonableness of Dr. Breslin's rate and the reasonableness of the hours she billed Plaintiffs for her work on this case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for judgment on the administrative record (Doc. 17) is **GRANTED** as to the following matters: Plaintiffs are found to be the prevailing parties; under Section 504, Plaintiffs' are entitled an award of reasonable attorney's fees; and under Section 504, Plaintiffs are entitled to reasonable expert fees. The Court will hold an evidentiary hearing to determine: Counsel's reasonable hourly rate in the relevant legal community; whether Plaintiffs are entitled to "fees on fees," and the reasonableness of Dr. Breslin's rate and the hours she billed Plaintiffs for her work on this case. The District's motion for judgment on the administrative record (Doc. 19) is **DENIED**.

An appropriate Order follows.

BY THE COURT:

Dated: May 28, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**